IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Isaac R. Ulmer, Sr., | Case No. 3:15 CV 1255 |
| Plaintiff, | MEMORANDUM OPINION AND <u>ORDER DISMISSING COMPLAINT</u> |
| -vs- | JUDGE JACK ZOUHARY |
| Dana Driveshaft Manufacturing, | |
| Defendant. | |

Plaintiff Isaac Ulmer initiated this action against employer Dana Driveshaft Manufacturing ("Dana") alleging Dana discriminated against him on account of his race, failed to take action against a co-worker who assaulted him, and harassed him in retaliation for previous discrimination complaints (Doc. 22). This is yet another in a string of unsuccessful cases brought by Ulmer against Dana. In this case, Ulmer claims Dana violated his Fourteenth Amendment equal protection and due process rights under 42 U.S.C. § 1983, and seeks a declaratory judgment that Dana's actions violate Title VII and Revised Code § 4112.

Pending before this Court is Dana's Motion to Dismiss the Amended Complaint (Docs. 23 & 27), which Ulmer opposes (Doc. 26). For the following reasons, the Motion is granted.

**BACKGROUND**

Ulmer began working for Dana in November 1994, most recently as a forklift operator (Doc. 22 at ¶ 7). Ulmer's claims arise out of issues he had with co-worker Phillip Wieging. Ulmer alleges generally that he has "on many occasions been subjected to racial slurs and bigot remarks" from

Wieging, who "has a history and pattern and practice of calling his black co-workers racial remarks dating back several years" (*id.* at ¶ 8). Ulmer points to two specific incidents of harassment. On March 7, 2014, Wieging "harassed and yelled" at Ulmer, and called him a "lazy ass" (*id.* at ¶ 10). Wieging stopped short of calling Ulmer the "N word," but strongly implied it (*id.*). Then, on March 11, Wieging "continually yelled at [Ulmer] and made derogatory and racist remarks" to him, and threw a bucket at Ulmer, striking him (*id.* at ¶ 11). Ulmer complained to his supervisor about Wieging and criticizes Dana for not taking immediate action again Wieging (*id.*). Dana suspended Wieging for three days as a result of the March 11 incident (*id.* at ¶ 19). Ulmer filed assault charges with the Allen County Sheriff's Department and received a Civil Stalking Protection Order against Wieging (*id.* at ¶ 11). Ulmer left Dana on disability leave after the March 11 incident and has not returned to work (*id.*).

A week after the incident, Ulmer filed a discrimination charge with the Ohio Civil Rights Commission ("OCRC") and the Equal Employment Opportunity Commission ("EEOC"), alleging racial harassment based on the incidents with Wieging and claiming he was "denied equal terms and conditions of employment based upon [his] race black" (*id.* at ¶ 6; Doc. 23-1). Ulmer represents he is an African-American male over the age of forty, and thus a member of a statutorily protected class (Doc. 22 at ¶ 5). The EEOC issued a finding of no probable cause and issued a right to sue letter (Doc. 1 at Ex. A). Ulmer timely sued.

### STANDARD OF REVIEW

An action may be dismissed if the complaint fails to state a claim upon which relief can be granted. Federal Civil Rule 12(b)(6). At this stage, this Court must accept all well-pleaded factual allegations as true and construe the Complaint in the light most favorable to Ulmer. *See Dubay v.*

*Wells*, 506 F.3d 422, 426 (6th Cir. 2007). Although the Complaint need not contain "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Complaint will survive a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And "[a] claim has facial plausibility when [Plaintiff] pleads factual content that allows the court to draw the reasonable inference that [Defendant] is liable for the misconduct alleged." *Hensley Mfg. v. ProPride, Inc.*, 579 F. 603, 609 (6th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

## DISCUSSION

**Section 1983 Claims (Counts One, Two and Three).** Ulmer claims Dana violated his Fourteenth Amendment equal protection and due process rights, as provided for under 42 U.S.C. § 1983. In Counts One and Three, Ulmer claims Dana violated the Equal Protection Clause by discriminating against him "in a manner that constitutes disparate treatment and treated Ulmer differently than other similarly situated persons on account of his race" (Doc. 22 at ¶ 14). Ulmer also claims he was harassed in retaliation for filing previous discrimination complaints (*id.*). Ulmer alleges Dana has a "racist atmosphere" in the workplace based on "how black employees are subjected to disparate treatment as far as discipline and corrective action is dished out" (*id.* at ¶ 26). In Count Two, Ulmer claims Dana violated the Due Process Clause because it took no action against Wieging until a week after the March 11 incident (*id.* at ¶ 19).

To maintain a Section 1983 action, a plaintiff must allege he was "deprived of a right secured by the Federal Constitution or laws of the United States by a person acting under color of state law." *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992). Ulmer admits Dana is a private, for-profit

corporation (Doc. 22 at ¶ 5), but argues his claims should not be dismissed because it is "very plausible" Dana's actions are guided by the substantial income it receives from government contracts (Doc. 26 at 4). "The actions of a private entity do not become state action merely because the government provides substantial funding to the private party." *Crowder v. Conlan*, 740 F.2d 447, 450 (6th Cir. 1984). Nor has Ulmer alleged the state exercises such "coercive power or provide[s] such significant encouragement" to Dana to satisfy the state compulsion test. *Wolotsky*, 960 F.2d at 1335. Ulmer's Section 1983 claims fail.

**Declaratory Judgment (Count Four).** Ulmer seeks a declaratory judgment that Dana retaliated against him and created a hostile work environment in violation of Title VII and Revised Code § 4112 (Doc. 22 at ¶¶ 30–31). Although Ulmer's initial Complaint included allegations that Dana violated those statutes (Doc. 1 at ¶¶ 23–33), Ulmer omitted those specific causes of action from the Amended Complaint. In his Opposition, Ulmer argues he has not abandoned those claims and that the "whole basis of this case surrounds discrimination claims [Ulmer] brings under Title VII and ORC 4112" (Doc. 26 at 5). Even read liberally, the Amended Complaint fails to allege sufficient facts to establish a claim under Title VII or Revised Code § 4112.

Ulmer claims Dana retaliated against him for filing previous charges with the OCRC and EEOC, and for initiating federal actions. To pursue a claim under Title VII, a plaintiff must first exhaust his administrative remedies by filing a charge with the EEOC. *See* 42 U.S.C. § 2000e-5(e)(1). "As a general rule . . . a Title VII plaintiff cannot bring claims in a lawsuit that were not included in his EEOC charge." *Kuhn v. Washtenaw Cty.*, 706 F.3d 612, 627 (6th Cir. 2013) (internal quotation omitted). Ulmer admits he did not check the "retaliation" box in his EEOC charge, and the detailed

4

statement of facts do not reference prior filings so as to put the EEOC or Dana on notice that he was making a retaliation claim (*see* Doc. 23-1). Ulmer's Title VII claim for retaliation therefore fails.

Ulmer's retaliation claim under Revised Code § 4112 is similarly insufficient. Claims brought under the Ohio statute are subject to the same analysis as claims brought under Title VII. *See Hollins v. Atlantic Co.*, 188 F.3d 652, 658 (6th Cir. 1999); *Little Forest Med. Ctr. of Akron v. Ohio Civil Rights Comm'n*, 61 Ohio St. 3d 607, 609 (1991). To establish a prima facie case of retaliation, Ulmer must establish that: (1) he engaged in activity protected by Title VII; (2) the exercise of his civil rights was known to Dana; (3) thereafter, Dana took an employment action adverse to Ulmer; and (4) there was a causal connection between the protected activity and the adverse employment action. *Nguyen v. City of Cleveland*, 229 F.3d 559, 563 (6th Cir. 2000). Ulmer claims he engaged in protected activity -- presumably his previous discrimination charges and lawsuits -- but does not allege Dana subjected him to any adverse action as a result of his activity. Ulmer's conclusory statements of "retaliation" are insufficient to state a claim.

Nor does the Amended Complaint "contain sufficient factual matter" to support a "reasonable inference" that Ulmer can satisfy a prima facie case for discrimination by showing: (1) that he was a member of a protected class; (2) he was subjected to unwelcome racial harassment; (3) based on his race; (4) which unreasonably interfered with his work performance by creating an intimidating, hostile, or offensive work environment, and (5) for which Dana is liable because it knew or should have known of the harassment and failed to implement prompt and appropriate corrective actions. *Barrett v. Whirlpool Corp.*, 556 F.3d 502, 515 (6th Cir. 2009).

Ulmer pleads generally that Wieging engaged in a "pattern and practice of harassment over the years" and that he used "racial remarks" and "racial slurs," but the Amended Complaint does not

5

specify any specific racial comments Wieging ever made or that the alleged harassment in March 2014 was racially motivated. A hostile work environment exists when "the workplace is permeated with discriminatory intimidation, ridicule and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (internal quotation and citation omitted). The general allegations in the Amended Complaint, including tales of alleged racial harassment experienced by other Dana employees, are isolated, not pervasive, and insufficient to establish a plausible hostile work environment claim. *See Taylor v. Donahoe*, 452 F. App'x 614, 620 (6th Cir. 2011) (dismissing retaliation, harassment, and hostile work environment claims on the pleadings because plaintiff failed to allege any discrete acts by her employer). Even if Ulmer had experienced racially motivated conduct that amounted to a hostile environment, he has not plausibly alleged that Dana "tolerated or condoned the situation" or "failed to take prompt remedial action." *Davis v. Monsanto Chem. Co.*, 858 F.2d 345, 349 (6th Cir. 1988). While Ulmer may feel a three-day suspension was an insufficient sanction for Wieging's conduct, he does not claim Dana's response manifested "indifference or unreasonableness." *Blankenship v. Parke Care Ctrs.*, 123 F.3d 868, 873 (6th Cir. 1997). Accordingly, Ulmer's claim for a declaratory judgment of hostile work environment and retaliation is dismissed.

## CONCLUSION

For the foregoing reasons, Dana's Motion to Dismiss (Doc. 23) is granted and this action is dismissed with prejudice.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

January 8, 2016